IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM LONG,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FOAM CORPORATION, et al.,<br><br>Defendants. | C.A. No. 06-047L |

**LEGGETT & PLATT, INCORPORATED AND L&P FINANCIAL SERVICES COMPANY'S ANSWER TO PLAINTIFF LONG'S NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT (STATION NIGHT CLUB FIRE LITIGATION)**

Leggett & Platt, Incorporated and L&P Financial Services Company (collectively "L&P" for purposes of this answer), for their answer to Plaintiff Long's Notice of Adoption of Third Amended Master Complaint (Station Night Club Fire Litigation), hereinafter "Notice of Adoption," state:

In answering Plaintiff Long's adoption of the Third Amended Master Complaint in Albert L. Gray, Administrator, et al. (Plaintiffs) v. Jeffery Derderian, et al. (Defendants), C.A. No. 04-312L in its entirety with additional allegations, L&P hereby adopts and incorporates by reference, as if fully set forth herein, its Answer and Affirmative and Other Defenses to Plaintiffs' Third Amended Master Complaint in Gray, in its entirety. Plaintiff Long's Notice of Adoption further adopts the additional allegations set forth in Plaintiff Long's Pro Forma Complaint and Notice of Adoption of First Amended Master Complaint dated January 31, 2006. (Document 1). As such, L&P further answers Plaintiff Long's Notice of Adoption by responding to these additional allegations as follows.

## PARTIES

**Plaintiffs**

1. L&P is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's Notice of Adoption and therefore denies the same.

**Defendants**

2 – 8. L&P is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2 through 8 of Plaintiff's Notice of Adoption and therefore denies the same.

## ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS , a/k/a GREAT WHITE

9. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 of the First Amended Master Complaint and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

10. Paragraph 10 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 10 purports to make any allegations against L&P, L&P denies the same.

11. Paragraph 11 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 11 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE – VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 of the First Amended Master Complaint and paragraphs 1 through 11 of Plaintiff's Notice of Adoption.

13. Paragraph 13 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 13 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**NEGLIGENCE**

14. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 of the First Amended Master Complaint and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

15. Paragraph 15 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 15 purports to make any allegations against L&P, L&P denies the same.

16. Paragraph 16 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 16 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**STRICT LIABILITY**

17. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 of the First Amended Master Complaint and paragraphs 1 through 8 and 14 through 16 of Plaintiff's Notice of Adoption.

18. Paragraph 18 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 18 purports to make any allegations against L&P, L&P denies the same.

19. Paragraph 19 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 19 purports to make any allegations against L&P, L&P denies the same.

20. Paragraph 20 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 20 purports to make any allegations against L&P, L&P denies the same.

21. Paragraph 21 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 21 purports to make any allegations against L&P, L&P denies the same.

22. Paragraph 22 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 22 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN**

**NEGLIGENCE**

23. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 of the First Amended Master Complaint and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

24. Paragraph 24 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 24 purports to make any allegations against L&P, L&P denies the same.

25. Paragraph 25 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 25 purports to make any allegations against L&P, L&P denies the same.

26. Paragraph 26 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 26 purports to make any allegations against L&P, L&P denies the same.

27. Paragraph 27 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 27 purports to make any allegations against L&P, L&P denies the same.

28. Paragraph 28 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 28 purports to make any allegations against L&P, L&P denies the same.

29. Paragraph 29 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 29 purports to make any allegations against L&P, L&P denies the same.

30. Paragraph 30 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 30 purports to make any allegations against L&P, L&P denies the same.

31. Paragraph 31 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 31 purports to make any allegations against L&P, L&P denies the same.

32. Paragraph 32 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no

further answer by L&P. To the extent paragraph 32 purports to make any allegations against L&P, L&P denies the same.

33. Paragraph 33 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 33 purports to make any allegations against L&P, L&P denies the same.

34. Paragraph 34 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 34 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE**

**NEGLIGENCE**

35. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 and 411 through 429 of the First Amended Master Complaint and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

36. Paragraph 36 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 36 purports to make any allegations against L&P, L&P denies the same.

37. Paragraph 37 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no

further answer by L&P. To the extent paragraph 37 purports to make any allegations against L&P, L&P denies the same.

38. Paragraph 38 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 38 purports to make any allegations against L&P, L&P denies the same.

39. Paragraph 39 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 39 purports to make any allegations against L&P, L&P denies the same.

40. Paragraph 40 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 40 purports to make any allegations against L&P, L&P denies the same.

41. Paragraph 41 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 41 purports to make any allegations against L&P, L&P denies the same.

42. Paragraph 42 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 42 purports to make any allegations against L&P, L&P denies the same.

43. Paragraph 43 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 43 purports to make any allegations against L&P, L&P denies the same.

44. Paragraph 44 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 44 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE - TITLE 9, CHAPTER 1, SECTION 2**

45. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 and 411 through 429 of the First Amended Master Complaint and paragraphs 35 through 44 of Plaintiff's Notice of Adoption.

46. Paragraph 46 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 46 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL**

**NEGLIGENCE**

47. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 and 443 through 440 of the First Amended Master Complaint and paragraphs 1 through 8 of Plaintiff's Notice of Adoption.

48. Paragraph 48 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 48 purports to make any allegations against L&P, L&P denies the same.

49. Paragraph 49 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 49 purports to make any allegations against L&P, L&P denies the same.

50. Paragraph 50 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 50 purports to make any allegations against L&P, L&P denies the same.

51. Paragraph 51 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 51 purports to make any allegations against L&P, L&P denies the same.

52. Paragraph 52 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 52 purports to make any allegations against L&P, L&P denies the same.

53. Paragraph 53 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no

further answer by L&P. To the extent paragraph 53 purports to make any allegations against L&P, L&P denies the same.

54. Paragraph 54 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 54 purports to make any allegations against L&P, L&P denies the same.

55. Paragraph 55 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 55 purports to make any allegations against L&P, L&P denies the same.

56. Paragraph 56 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 56 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL - TITLE 9, CHAPTER 1, SECTION 2**

57. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 271 and 434 through 440 of the First Amended Master Complaint and paragraphs 47 through 56 of Plaintiff's Notice of Adoption.

58. Paragraph 58 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 58 purports to make any allegations against L&P, L&P denies the same.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BICHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES, LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. L&P incorporates by reference, as if fully set forth herein, its answer to the allegations contained in paragraphs 1 through 706 of the First Amended Master Complaint and paragraphs 1 through 58 of Plaintiff's Notice of Adoption.

60. Paragraph 60 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 60 purports to make any allegations against L&P, L&P denies the same.

61. Paragraph 61 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 61 purports to make any allegations against L&P, L&P denies the same.

62. Paragraph 62 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 62 purports to make any allegations against L&P, L&P denies the same.

63. Paragraph 63 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no

further answer by L&P. To the extent paragraph 63 purports to make any allegations against L&P, L&P denies the same.

64. Paragraph 64 of Plaintiff's Notice of Adoption is not directed to, does not seek any relief from, or purport to state any claim against, L&P and, therefore, requires no further answer by L&P. To the extent paragraph 64 purports to make any allegations against L&P, L&P denies the same.

Further answering, L&P denies Plaintiff Long is entitled to the relief requested in the "Prayers for Relief" portion of Plaintiff's Notice of Adoption from L&P.

**GENERAL DENIAL**

L&P denies each and every allegation and legal conclusion set forth in Plaintiff's Notice of Adoption not specifically admitted herein.

WHEREFORE, defendants L&P, having fully answered Plaintiff's Notice of Adoption, respectfully prays that Plaintiff's Notice of Adoption be dismissed with prejudice against L&P, for its costs incurred herein, and for such other relief as this Court deems just and proper.

DEFENDANTS

LEGGETT & PLATT INCORPORATED and
L&P FINANCIAL SERVICES CO.
By their attorneys,

Thomas W. Lyons, Esquire #2946
STRAUSS, FACTOR, LAING & LYONS
222 Richmond Street, Suite 208
Providence, RI 02903-2914
401-456-0700
tlyons@straussfactor.com

George Wolf (FML)

George E. Wolf, III, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108
Tel.: 816-474-6550
Fax: 816-421-5774

**CERITIFICATION**

I hereby certify that on this 17 day of March, 2006, a copy of the within was sent to all counsel of record by email.



1904339v1