IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-047L |
| | ) | |
| AMERICAN FOAM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF CLEAR CHANNEL BROADCASTING, INC. AND CAPSTAR RADIO OPERATING COMPANY**

NOW COME Defendants Clear Channel Broadcasting, Inc. and Capstar Radio Operating Company (as successor in interest to WHJY, Inc., former operator of radio station "WHJY-FM") (collectively the "Clear Channel Defendants") and hereby adopt and incorporate by reference the following in response to (1) Plaintiff's "Pro Forma Complaint and Notice of Adoption of the First Amended Master Complaint" filed on or about February 1, 2006, and (2) Plaintiff's "Notice of Adoption of Third Amended Master Complaint," filed on or about February 16, 2006:

(1) The "Answer and Affirmative Defenses of Clear Channel Broadcasting, Inc. and Capstar Radio Operating Company to Plaintiffs' First Amended Master Complaint," filed on or about December 1, 2005, in *Gray, et al. v. Derderian, et al.* (04-312-L);

(2) The "Answer and Affirmative Defenses of Clear Channel Broadcasting, Inc. and Capstar Radio Operating Company to Plaintiffs' Notice of Adoption of First Amended Master Complaint," filed on December 1, 2005, in *Henault v. American Foam Corporation, et al.* (03-483-L); and

(3) The "Answer and Affirmative Defenses of Clear Channel Broadcasting, Inc. and Capstar Radio Operating Company to Third Amended Master Complaint," filed on March 17, 2006, in *Gray, et al. v. Derderian, et al.* (04-312-L).

In further response to the enumerated allegations and claims contained in Plaintiff's "Pro Forma Complaint and Notice of Adoption of the First Amended Master Complaint" ("Pro Forma Complaint"), the Clear Channel Defendants state as follows:

**Plaintiff**

1. The Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Pro Forma Complaint.

**Defendants**

2-8. The Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 through 8 of Plaintiff's Pro Forma Complaint.

**ADDITIONAL COUNT ONE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO JACK RUSSELL, MARK KENDALL,**
**DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 of the "Answer and Affirmative Defenses of Clear Channel Broadcasting, Inc. and Capstar Radio Operating Company to Plaintiffs' First Amended Master Complaint," filed on or about December 1, 2005 in *Gray, et al. v. Derderian, et al.* (04-312-L) ("the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint") and paragraphs 1 through 8 hereof.

10-11. Paragraphs 10 through 11 of Additional Count One are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 10 through 11 of Additional Count One may be deemed

necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT TWO**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO JACK RUSSELL, MARK KENDALL,**
**DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

12. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint and paragraphs 1 through 11 hereof.

13. Paragraph 13 of Additional Count Two is not directed at the Clear Channel Defendants and, therefore, requires no answer from them. To the extent that any response to the allegations of paragraph 13 of Additional Count Two may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT THREE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**NEGLIGENCE**

14. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint and paragraphs 1 through 8 hereof.

15-16. Paragraphs 15 through 16 of Additional Count Three are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 15 through 16 of Additional Count Three may be

deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT FOUR**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH**

**STRICT LIABILITY**

17. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint, and paragraphs 1 through 8 and paragraphs 14 through 16 hereof.

18-22. Paragraphs 18 through 22 of Additional Count Four are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 18 through 22 of Additional Count Four may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT FIVE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN**

**NEGLIGENCE**

23. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint and paragraphs 1 through 8 hereof.

24-34. Paragraphs 24 through 34 of Additional Count Five are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 24 through 34 of Additional Count Five may be

deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT SIX**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE**

**NEGLIGENCE**

35. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 and paragraphs 411 through 429 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint, and paragraphs 1 through 8 hereof.

36-44. Paragraphs 36 through 44 of Additional Count Six are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 36 through 44 of Additional Count Six may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT SEVEN**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE**

**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

45. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 and paragraphs 411 through 429 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint, and paragraphs 35 through 44 hereof.

46. Paragraph 46 of Additional Count Seven is not directed against the Clear Channel Defendants and, therefore, requires no answer from them. To the extent that any response to the

allegations of paragraph 46 of Additional Count Seven may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT EIGHT**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL**

**NEGLIGENCE**

47. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 and paragraphs 434 through 440 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint, and paragraphs 1 through 8 hereof.

48-56. Paragraphs 48 through 56 of Additional Count Eight are not directed against the Clear Channel Defendants and, therefore, require no answer from them. To the extent that any response to the allegations of paragraphs 48 through 56 of Additional Count Eight may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT NINE**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**
**AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHALL**

**VIOLATION OF RHODE ISLAND GENERAL LAWS**
**TITLE 9, CHAPTER 1, SECTION 2**

57. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, paragraphs 1 through 271 and paragraphs 434 through 440 of the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint, and paragraphs 47 through 56 hereof.

58. Paragraph 58 of Additional Count Nine is not directed against the Clear Channel Defendants and, therefore, requires no answer from them. To the extent that any response to the allegations of paragraph 58 of Additional Count Nine may be deemed necessary, the Clear Channel Defendants are without knowledge or information sufficient to form a belief as to the truth thereof.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, ET AL.**

59. The Clear Channel Defendants incorporate by reference, as if fully set forth herein, the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint and paragraphs 1 through 58 hereof.

60-64. By Order dated September 22, 2005, the Court dismissed, as to the Clear Channel Defendants, Additional Count Ten of the "Notice of Adoption of First Amended Master Complaint," filed on or about December 16, 2004 in *Henault v. American Foam Corporation, et al.* (03-483-L) ("Henault Notice of Adoption"). Accordingly, to the extent that Additional Count Ten of Plaintiffs' Pro Forma Complaint incorporates and/or is based upon Additional Count Ten of the Henault Notice of Adoption, no response is required from the Clear Channel Defendants. In any event, Clear Channel denies the allegations of paragraphs 60 through 64 of Additional Count Ten of Plaintiff's Pro Forma Complaint.

**RESPONSE TO "PRAYERS FOR RELIEF SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG"**

Responding to the unnumbered paragraphs comprising the "Prayers for Relief" set forth at pages 26 through 28 of Plaintiff's Pro Forma Complaint, the Clear Channel Defendants state that such prayers for relief are legal conclusions to which no response is necessary. To the extent

that any response to the allegations within those unnumbered paragraphs may be deemed necessary, the Clear Channel Defendants are without sufficient information to form a belief as to the truth of those allegations.

Answering further, the Clear Channel Defendants deny that Plaintiff is entitled to any of the relief requested in the "Prayers for Relief" from the Clear Channel Defendants.

**GENERAL DENIAL**

As further answer, the Clear Channel Defendants deny each and every allegation and legal conclusion contained in the Pro Forma Complaint that is not specifically admitted herein.

**RESERVATION**

In addition to the Affirmative Defenses set forth in the Clear Channel Defendants' Answer & Affirmative Defenses to the First Amended Master Complaint, and incorporated herein by reference, the Clear Channel Defendants reserve the right to assert any and all other affirmative defenses not now known and which may hereafter develop through the course of discovery in this matter and to adopt and assert any defenses raised or asserted by any other defendant to this action to the extent that such affirmative defenses are not inconsistent with those pleaded by the Clear Channel Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, the Clear Channel Defendants pray that:

(a) All claims asserted by or on behalf of Plaintiff be dismissed with prejudice as to the Clear Channel Defendants;

(b) Plaintiff's demand for relief against the Clear Channel Defendants be denied in every respect;

(c) the Clear Channel Defendants be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) the Court grant such other and further relief as may be just, proper and equitable.

CLEAR CHANNEL BROADCASTING, INC.
AND CAPSTAR RADIO OPERATING
COMPANY

By their Attorneys,

Stephen M. Prignano (#3649)
Stephen J. MacGillivray (#5416)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

James J. Restivo, Jr., Esq.
W. Thomas McGough, Jr., Esq.
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131
(412) 288-3063 (Fax)

Dated: April 13, 2006

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 13th day of April, 2006, I served a copy of the within ANSWER AND AFFIRMATIVE DEFENSES OF CLEAR CHANNEL BROADCASTING, INC. AND CAPSTAR RADIO OPERATING COMPANY, by electronic mail, to the following counsel of record:

| | |
|---|---|
| Brian R. Cunha, Esq. | brian@briancunha.com |
| Karen A. Alegria, Esq. | karen@briancunha.com |
| Joseph V. Cavanagh, Jr., Esq. | stationfire@blishcavlaw.com |
| Kristin E. Rodgers, Esq. | stationfire@blishcavlaw.com |
| Ronald Langlois, Esq. | stationfire@smithbrink.com |
| Lauren D. Wilkins, Esq. | stationfire@smithbrink.com |
| Edward M. Crane, Esq. | ecrane@skadden.com |
| Deborah G. Solmor, Esq. | dsolmor@skadden.com |
| Mark T. Reynolds, Esq. | mtreynolds@conversent.net |
| Anthony F. DeMarco, Esq. | tdemarco@conversent.net |
| Curtis R. Diedrich, Esq. | cdiedrich@sloanewalsh.com |
| Edward T. Hinchey, Esq. | ehinchey@sloanewalsh.com |
| Robert T. Norton, Esq. | rnorton@sloanewalsh.com |
| Fred A. Kelly, Jr., Esq. | stationfirelitigation@nixonpeabody.com |
| Steven M. Richard, Esq. | stationfirelitigation@nixonpeabody.com |
| Kim M. Clarke, Esq. | stationfirelitigation@nixonpeabody.com |
| James T. Murphy, Esq. | stationfire@hansoncurran.com |
| Kelly N. Michels, Esq. | stationfire@hansoncurran.com |
| Thomas R. Bender, Esq. | stationfire@hansoncurran.com |
| Thomas C. Angelone, Esq. | angelonelaw@aol.com |
| Stephen E. Breggia, Esq. | sbreggia@bbglaw.us |
| Kevin F. Bowen, Esq. | kbowen@bbglaw.us |
| Scott J. Tucker, Esq. | stucker@ths-law.com |
| John J. Nazzaro, Esq. | attynazzaro@aol.com |
| Ronald J. Resmini, Esq. | resminilaw@yahoo.com |
| Ronald J. Creamer, Esq. | resminilaw@yahoo.com |
| James H. Reilly, III, Esq. | jreilly@kkrs.com |
| Donald J. Maroney, Esq. | dmaroney@kkrs.com |
| Robert I. Reardon, Jr., Esq. | reardonlaw@aol.com |
| Ralph J. Monaco, Esq. | rmonaco.c-l@snet.net |
| James R. Lee, Esq. | jlee@riag.state.ri.us |
| James A. Ruggieri, Esq. | jruggieri@hcc-law.com |
| Suzanne O'Donoghue, Esq. | sodonoghue@hcc-law.com |
| Daniel J. Horgan, Esq. | horganlaw@snet.net |
| Edwin F. McPherson, Esq. | emcpherson@m-klaw.com |
| Carl A. Henlein, Esq. | chenlein@fbtlaw.com |
| John R. Crockett, III, Esq. | jcrockett@fbtlaw.com |
| Susan S. Wettle, Esq. | swettle@fbtlaw.com |
| Howard A. Merten, Esq. | hmerten.station@psh.com |

| | |
|---|---|
| Stefanie DiMaio-Larivee, Esq. | fonia@msn.com |
| Mark C. Hadden, Esq. | mhadden@mhaddenlaw.com |
| Bruce P. Keller, Esq. | bpkeller@debevoise.com |
| Michael Potenza, Esq. | mpotenza@debevoise.com |
| Steven A. Minicucci, Esq. | sminicucci@calvinolaw.com |
| William A. Filippo, Esq. | wfilippo@calvinolaw.com |
| Mark D. Tourgee, Esq. | aminchillo@itwlaw.com |
| Timothy A. Williamson, Esq. | aminchillo@itwlaw.com |
| Mark S. Mandell, Esq. | msmandell@msn.com |
| Matthew F. Medeiros, Esq. | mfm@lmkbw.com |
| Charles N. Redihan, Jr., Esq. | credihan@kprlaw.com |
| Eva Marie Mancuso, Esq. | emancuso@hwac.com |
| Michael A. St. Pierre, Esq. | mikesp@rrsplaw.com |
| Benjamin V. White, III, Esq. | bwhite@vetterandwhite.com |
| Max Wistow, Esq. | mw@wistbar.com |
| Jessica Deanseris, Esq. | jdean@wistbar.com |
| Joseph B. Burns, Esq. | jburns@rms-law.com |
| Patrick T. Jones, Esq. | pjones@cmj-law.com |
| Peter Schneider, Esq. | pschneider@cmj-law.com |
| Marc DeSisto, Esq. | stationfire@desistolaw.com |
| Richard W. MacAdams, Esq. | rmacadams@mandwlaw.com |
| Mark T. Nugent, Esq. | mnugent@morrisonmahoney.com |
| Paul V. Sullivan, Esq. | pvsullivan@morrisonmahoney.com |
| Thomas W. Lyons, Esq. | tlyons@straussfactor.com |
| C. Russell Bengtson, Esq. | rbengtson@ckmlaw.com |
| John R. Mahoney, Esq. | johnmahoney@amlawllp.com |
| Christopher C. Fallon, Jr., Esq. | cfallon@cozen.com |
| Mark D. Cahill, Esq. | mcahill@choate.com |
| Eric Bradford Hermanson, Esq. | ehermanson@choate.com |
| Charles L. Babcock, Esq. | cbabcock@jw.com |
| Nancy W. Hamilton, Esq. | nhamilton@jw.com |
| Earl H. Walker, Esq. | ewalker@jw.com |
| Georgia A. Sullivan, Esq. | georgia.sullivan@thehartford.com |
| George E. Wolf, III, Esq. | gwolf@shb.com |
| Ann M. Songer, Esq. | asonger@shb.com |
| James J. Restivo, Jr., Esq. | jrestivo@reedsmith.com |
| W. Thomas McGough, Jr., Esq. | tmcgough@reedsmith.com |
| Andrew J. Trevelise, Esq. | atrevelise@reedsmith.com |
| Howard J. Julian | sohohomes@yahoo.com |
| James A. Bigos, Esq. | jim@b-plaw.com |
| Stephen P. Fogerty, Esq. | fogerty@halloran-sage.com |
| Mark P. Dolan, Esq. | ricedolank@aol.com |
| Anthony R. Leone, Esq. | ricedolank@aol.com |
| Stephen A. Izzi, Esq. | sizzi@cox.net |
| T. Dos Urbanski, Esq. | stationlitigation@melicklaw.com |
| Allen J. McCarthy, Esq. | stationlitigation@melicklaw.com |

| | |
|---|---|
| Michael J. Mazurczak, Esq. | stationlitigation@melicklaw.com |
| Lawrence J. Cappuccio, Esq. | l.cappuccio@worldnet.att.net |
| J. Renn Olenn, Esq. | kbh@olenn-penza.com |
| Joseph Krowski, Esq. | josephkrowski.law@verizon.net |
| Esquire Deposition Services | stationfire@esquirecom.com |
| Russell Bramley, Esq. | bramley@hbhlaw.net |
| Craig A. Johns, Esq. | johnsc@nationwide.com |
| William E. O'Gara, Esq. | wogara@pld-law.com |
| Dennis J. Roberts II, Esq. | kgoyer@djrlaw.com |
| Stephen T. Armato, Esq. | stationlitigation@cetcap.com |
| Mark E. Parksy, Esq. | mep@mcveyparsky-law.com |
| John J. Flanagan, Esq. | jflanagan@torti.com |
| Michael J. McCormack, Esq. | mmccormack@mccormackfirm.com |
| David T. Mitrou, Esq. | dmitrou@mccormackfirm.com |
| Joseph H. Aronson, Esq. | jaronson@mccormackfirm.com |