UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM LONG, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-047-L |
| | : | (Jury Trial Demanded) |
| AMERICAN FOAM CORPORATION, | : | |
| et al., | : | |
| Defendants. | : | |

**ANSWER OF PAUL WOOLNOUGH, MANIC MUSIC MANAGEMENT, INC. AND KNIGHT RECORDS, INC. TO PLAINTIFF'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

**INTRODUCTION**

On February 1, 2006, Plaintiff William Long filed a Pro Forma Complaint that adopted the First Amended Master Complaint in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case"), plus the additional allegations and claims pled in Henault et. al., v. American Foam, et. al, C.A. No. 03-483-L (the "Henault Case"). On February 17, 2006, Plaintiff filed a Notice of Adoption stating his intention to adopt the Third Amended Master Complaint in the Gray Case, plus the additional allegations and claims pled in the Henault Case.

Pursuant to the Consent Order dated February 6, 2006 entered in the Gray case, Defendants Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. (collectively "These Defendants") adopt and incorporate herein the following documents in their entirety: (1) their Answer to the Gray Plaintiffs' First Amended Master Complaint;[1] (2) their Answer to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint;[2] and

[1] *See* Docket Entry No. 271 in the Gray Case.

[2] *See* Docket Entry No. 205 in the Henault Case.

(3) their Answer to the Gray Plaintiffs' Third Amended Master Complaint.[3] Specifically, These Defendants reassert herein their responses to the allegations in the Gray and Henault Cases, all of their affirmative defenses and their jury trial demand.

Additionally, These Defendants respond to Plaintiff's allegations in the Pro Forma Complaint as follows:

## PARTIES

### Plaintiff

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) statements concerning parties other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

### Defendants

2. - 8. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

---

[3] *See* Docket Entry No. 727 in the Gray Case.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 8 above.

10. - 11. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE -- VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 11 above.

13. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- NEGLIGENCE**

14. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 13 above.

15. - 16. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- STRICT LIABILITY**

17. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 16 above.

18. - 22. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN -- NEGLIGENCE**

23. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 22 above.

24. - 34. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFFS WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE -- NEGLIGENCE**

35. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 34 above.

36. - 44. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE --TITLE 9, CHAPTER 1, SECTION 2**

45. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 44 above.

46. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- NEGLIGENCE**

47. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 - 46 above.

48. - 56. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- TITLE 9, CHAPTER 1, SECTION 2**

57. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 56 above.

58. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than These Defendants, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of These Defendants (or be otherwise directed toward some or all of them), the allegations are denied.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. These Defendants repeat and incorporate by reference herein their above-cited Answers filed in the Gray and Henault Cases and their responses to paragraphs 1 – 58 above.

60. - 64. To the extent that the allegations of these paragraphs are directed against These Defendants, the allegations are denied.

## AFFIRMATIVE DEFENSES

These Defendants adopt and restate herein the nine Affirmative Defenses previously plead in their Answer to the Gray Plaintiffs' First Amended Master Complaint and incorporated into their Answers to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint and Gray Plaintiffs' Third Amended Master Complaint.

WHEREFORE, Defendants Paul Woolnough, Manic Music Management, Inc., and Knight Records, Inc., respectfully request that:

A. All claims within the scope of Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint be dismissed with prejudice as to each of them;

B. Plaintiff's demands for relief against Defendants Paul Woolnough, Manic Music Management, Inc., and Knight Records, Inc. denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

PAUL WOOLNOUGH, MANIC MUSIC MANAGEMENT, INC. and KNIGHT RECORDS, INC.

By Their Attorneys,

Fred A. Kelly, Jr. (By SMR)
Steven M. Richard

Fred A. Kelly, Jr. (#4553)
Steven M. Richard (#4403)
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
StationFireLitigation@nixonpeabody.com

Edwin F. McPherson (Admitted *Pro Hac Vice)*
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233

Dated: April 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2006, I served a true copy of the within Answer of Paul Woolnough, Manic Music Management, Inc. and Knight Records, Inc. to Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint via e-mail to all counsel of record listed on attached service list.

[signature]