UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM LONG, Plaintiff, | : | |
| v. | : | C.A. No. 06-047-L (Jury Trial Demanded) |
| AMERICAN FOAM CORPORATION, et al., Defendants. | : | |

**ANSWER OF JACK RUSSELL TO PLAINTIFF'S PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

**INTRODUCTION**

On February 1, 2006, Plaintiff William Long filed a Pro Forma Complaint that adopted the First Amended Master Complaint in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case"), plus the additional allegations and claims pled in Henault et. al., v. American Foam, et. al, C.A. No. 03-483-L (the "Henault Case"). On February 17, 2006, Plaintiff filed a Notice of Adoption stating his intention to adopt the Third Amended Master Complaint in the Gray Case, plus the additional allegations and claims pled in the Henault Case.

Pursuant to the Consent Order dated February 6, 2006 entered in the Gray case, Defendant Jack Russell ("Mr. Russell") adopts and incorporates herein the following documents in their entirety: (1) his Answer to the Gray Plaintiffs' First Amended Master Complaint;[1] (2) his Answer to the Henault Plaintiffs' Notice of Adoption of First Amended Master Complaint;[2] and

1 *See* Docket Entry No. 272 in the Gray Case.

2 *See* Docket Entry No. 203 in the Henault Case.

(3) his Answer to the Gray Plaintiffs' Third Amended Master Complaint.[3] Specifically, Mr. Russell reasserts herein his invocation of his privilege against self-incrimination under the Fifth Amendment of the United States Constitution and Article 1, Section 13 of the Rhode Island Constitution ("Fifth Amendment Privilege"), all of his affirmative defenses and his jury trial demand.

Additionally, Mr. Russell responds to Plaintiff's allegations in the Pro Forma Complaint as follows:

## PARTIES

### Plaintiff

1. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

### Defendants

2. – 8. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To

---

[3] *See* Docket Entry No. 729 in the Gray Case.

the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 - 8 above.

10 - 11. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS a/k/a GREAT WHITE -- VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 11 above.

13. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- NEGLIGENCE**

14. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 13 above.

15. – 16. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and

declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH -- STRICT LIABILITY**

17. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 -16 above.

18. – 22. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN -- NEGLIGENCE**

23. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 22 above.

24. – 34. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To

the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE -- NEGLIGENCE**

35. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 34 above.

36. – 44. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE -- TITLE 9, CHAPTER 1, SECTION 2**

45. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 44 above.

46. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- NEGLIGENCE**

47. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 46 above.

48. – 56. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him),

Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL -- TITLE 9, CHAPTER 1, SECTION 2**

57. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 56 above.

58. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of this paragraph be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a WQGN-FM, MOTIVA ENTERPRISES, LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. Mr. Russell repeats and incorporates by reference herein his above-cited Answers filed in the Gray and Henault Cases and his responses to paragraphs 1 – 58 above.

60. – 64. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to individuals or entities other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations. *See deAntonio v. Solomon*, 42 F.R.D. 320, 322 (D. Mass. 1967).

## AFFIRMATIVE DEFENSES

Mr. Russell adopts and restates herein the ten Affirmative Defenses previously pled in his Answer to the Gray Plaintiffs' First Amended Master Complaint and incorporated into his Answers to the Henault Plaintiffs' Notice of Adoption of First Amended Master and the Gray Plaintiffs' Third Amended Master Complaint.

WHEREFORE, Defendant Jack Russell respectfully requests that:

A. All claims within the scope of Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint be dismissed with prejudice as to him;

B. Plaintiff's demands for relief against Defendant Jack Russell be denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

JACK RUSSELL

By His Attorneys,
Fred A. Kelly, Jr. (by SMR)
Steven Richard

Fred A. Kelly, Jr. (#4553)
Steven M. Richard (#4403)
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)
StationFireLitigation@nixonpeabody.com

Edwin F. McPherson (Admitted *Pro Hac Vice)*
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233

Dated: April 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2006, I served a true copy of the within Answer of Jack Russell to Plaintiff's Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint via e-mail to all counsel of record listed on attached service list.

Steven Richard