UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM LONG, Plaintiff, v. AMERICAN FOAM CORPORATION, et al., Defendants. | : | CIVIL ACTION NO. 06-47 L |

**ANSWER OF DEFENDANT CITADEL COMMUNICATIONS CORPORATION TO PRO FORMA COMPLAINT AND NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**

Defendant Citadel Communications Corporation d/b/a WQGN-FM ("Citadel") answers as follows the Notice of Adoption of Third Amended Master Complaint (hereinafter "Complaint") and the Pro Forma Complaint and Notice of Adoption of First Amended Master Complaint and the Henault Plaintiffs' Additional Allegations:

1-266. Citadel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 266 of the Complaint.

267-270. Plaintiffs have reserved paragraphs 267 through 270, and accordingly no response is required.

271. Paragraph 271 states a legal conclusion as to which no responsive pleading is required.

272. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

273-1029. The allegations contained in paragraphs 273 through 1029 are not asserted against Citadel, and therefore Citadel has no obligation to respond to them.

Alternatively, Citadel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 273 through 1029 of the Complaint.

In response to plaintiffs' additions to the Complaint ("Addendum"), Citadel answers as follows:

1-5. Citadel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 5 of the Addendum.

6. Citadel denies the allegations contained in paragraph 6 of the Addendum, and alleges that Citadel is a corporation organized under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada; that Citadel owns the radio stations WQGN-FM and WXLM-FM (formerly WUXL-FM or "Rock 102") in New London, Connecticut; that Rock 102 aired advertisements for the Great White concert at The Station on February 20, 2003 ("Concert"); and that Rock 102 distributed tickets, provided by promoters of the Concert as part of the parties' advertising contract, to winning listeners and radio station staff members.

7. Citadel denies the allegations contained in paragraph 7 of the Addendum, except admits that plaintiffs or plaintiffs' decedents Jude Henault and Glenn Johnson won tickets to the Concert from Rock 102 by calling the radio station for the express purpose of winning said tickets; that plaintiffs' decedent Gerfin received a ticket to the Concert directly from his friend and neighbor, who happened to be employed by Rock 102; and that upon information and belief, these plaintiffs or plaintiffs' decedents attended the Concert. Citadel lacks knowledge or information sufficient to form a belief as to who plaintiff Long is.

8. Citadel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Addendum.

9. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

10-22. The allegations contained in paragraphs 10 through 22 are not asserted against Citadel, and therefore Citadel has no obligation to respond to them. Alternatively, Citadel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 through 22 of the Addendum.

23. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

24. Citadel denies the allegations contained in paragraph 24 of the Addendum, except admits that Citadel is a Delaware corporation and owns the radio stations WQGN-FM and WXLM-FM (formerly WUXL-FM or "Rock 102"), which broadcast into Connecticut and Rhode Island.

25. Citadel denies the allegations contained in paragraph 25 of the Addendum.

26. Citadel admits the allegations contained in paragraph 26 of the Addendum.

27. Citadel denies the allegations contained in paragraph 27 of the Addendum.

28. Citadel denies the allegations contained in paragraph 28 of the Addendum, except admits that Rock 102 received compensation in exchange for advertising the Great White concert.

29-34. Citadel denies the allegations contained in paragraphs 29 through 34 of the Addendum.

35-58. The allegations contained in paragraphs 35 through 58 are not asserted against Citadel, and therefore Citadel has no obligation to respond to them. Alternatively, Citadel lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 35 through 58 of the Addendum.

59. Citadel repeats and realleges the answers set forth above as though fully set forth herein.

60-64. Citadel denies the allegations contained in paragraphs 60 through 64 of the Addendum.

**First Affirmative Defense**

The Complaint fails to state a claim for which relief may be granted.

**Second Affirmative Defense**

Citadel did not owe a duty of care to Plaintiffs.

**Third Affirmative Defense**

No joint venture relationship existed between Citadel and any of the other named defendants.

**Fourth Affirmative Defense**

Any alleged injuries or damages sustained by Plaintiffs were not directly or proximately caused by any direct or indirect act or omission by Citadel but were the result of independent, intervening and/or superseding negligent and/or criminal acts or omissions of parties or nonparties over whom Citadel had no control and for whom Citadel is not legally responsible.

**Fifth Affirmative Defense**

The Complaint is barred, in whole or in part, by Plaintiffs' comparative fault or negligence.

**Sixth Affirmative Defense**

The Complaint is barred, in whole or in part, by the doctrines of avoidable consequences and assumption of risk.

**Seventh Affirmative Defense**

The Complaint is barred, in whole or in part, by the doctrines of estoppel, waiver and acquiescence.

**Eighth Affirmative Defense**

To the extent the Complaint seeks punitive damages, such damages are unavailable under applicable law.

WHEREFORE, defendant Citadel Communications Corporation respectfully requests judgment dismissing the Complaint in its entirety, and awarding Citadel its costs

and attorneys' fees, together with such other and further relief that the Court deems just and proper.

Dated: April 14, 2006

LITTLE MEDEIROS KINDER BULMAN
& WHITNEY PC

Matthew F. Medeiros (#1856)
72 Pine Street
Providence, RI 02903
(401) 272-8080 (phone)
(401) 272-8195 (fax)

Bruce P. Keller
Michael Potenza
DEBEVOISE & PLIMPTON
919 Third Avenue
New York, New York 10022
(212) 909-6000 (phone)
(212) 909-6386 (fax)

*Attorneys for Defendant Citadel Communications Corporation d/b/a WQGN-FM*

**CERTIFICATION**

I hereby certify that on this 14th day of April, 2006, I served by emailed the within Answer of Defendant Citadel Communications Corporation to Pro Forma Complaint and Notice of Adoption of Third Amended Master Complaint to the following counsel of record:

| | |
|---|---|
| Andrew Trevelise | atrevelise@reedsmith.com |
| Ann Songer | asonger@shb.com |
| Anthony DeMarco | tdemarco@conversent.net |
| Brian Cunha | Brian@Briancunha.com |
| Bruce P. Keller | bpkeller@debevoise.com |
| C. Russell Bengtson | RBengtson@ckmlaw.com |
| Carl Henlein | chenlein@fbtlaw.com |
| Charles Babcock | CBabcock@jw.com |
| Charles Redihan | credihan@KPRlaw.com |
| Christopher Fallon | cfallon@cozen.com |
| Craig Johns | johnsc@Nationwide.com |
| Curtis Diedrich | Cdiedrich@sloanewalsh.com |
| Daniel J. Horgan | horganlaw@snet.net |
| Deborah Solmor | dsolmor@skadden.com |
| Donald Maroney | dmaroney@kkrs.com |
| Edward Crane | ecrane@skadden.com |
| Edward Hinchey | EHinchey@sloanewalsh.com |
| Edwin McPherson | emcpherson@m-klaw.com |
| Esquire | stationfire@esquirecom.com |
| Eva Marie Mancuso | Emancuso@hwac.com |
| George Wolf | GWolf@shb.com |
| Georgia Sullivan | Georgia.Sullivan@thehartford.com |
| Howard Julien | sohohomes@yahoo.com |
| Howard Merten | hmerten.station@psh.com |
| James Bigos | jim@b-plaw.com |
| James Lee | jlee@riag.ri.gov |
| James Murphy/Kelly Michels/ Thomas Bender | stationfire@hansoncurran.com |
| James Reilly | jreilly@kkrs.com |
| James Restivo | jrestivo@reedsmith.com |
| James Ruggieri | JRuggieri@hcc-law.com |
| John Mahoney | johnmahoney@amlawllp.com |
| John J. Nazazaro | nazzjn@aol.com |
| K. Rodgers/J.Cavanagh | stationfire@blishcavlaw.com |
| Kathleen Daniels | kathleen@desistolaw.com |
| Lawrence Cappuccio | l.cappuccio@worldnet.att.net |
| Marc DeSisto | stationfire@desistolaw.com |
| Mark Cahill | mcahill@choate.com |
| Mark Dolan | Ricedolank@aol.com |

| | |
|---|---|
| Mark Hadden | MHadden@mhaddenlaw.com |
| Mark Mandell | msmandell@msn.com |
| Mark Nugent | mnugent@morrisonmahoney.com |
| Max Wistow | jdean@wistbar.com |
| Michael St. Pierre | mikesp@rrsplaw.com |
| Olenn & Penza | KBH@olenn-penza.com |
| Patrick Jones | pjones@cmj-law.com |
| Ralph J. Monaco | rmonaco.c-l@snet.net |
| Richard MacAdams | Rmacadams@mandwlaw.com |
| Robert Reardon/Robert Rimmer | Reardonlaw@aol.com |
| Ronald Langlois/Lauren Wilkins | stationfire@smithbrink.com |
| Ronald Resmini | Resminilaw@yahoo.com |
| Scott J. Tucker | STucker@ths-law.com |
| Stephanie DiMaio Larivee | singinglawyer@msn.com |
| Stephen Breggia | sbreggia@BBGlaw.us |
| Stephen Fogarty | fogerty@halloran-sage.com |
| Stephen Izzi | stephen.izzi@hklaw.com |
| Stephen Minicucci | SMinicucci@calvinolaw.com |
| Stephen Prignano | sprignano@edwardsangell.com |
| Steven Richard/Fred Kelly | StationFireLitigation@nixonpeabody.com |
| Susan Wettle | swettle@fbtlaw.com |
| Suzanne O'Donoghue | sodonoghue@hcc-law.com |
| Thomas Angelone | Angelonelaw@aol.com |
| Thomas Lyons | tlyons@straussfactor.com |
| W. Thomas McGough | tmcgough@reedsmith.com |
| William E. O'Gara | wogara@pld-law.com |

Veronica Szuc



F:\MFM\Citadel\Pleadings\Answer to Long Complaint.doc