**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WILLIAM LONG

Plaintiffs

vs C.A. No. 06-047L

AMERICAN FOAM CORPORATION, et al

Defendants

**DEFENDANT SENTINEL PRODUCTS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT (STATION NIGHT CLUB FIRE LITIGATION) AND PRO FORMA COMPLAINT AND FIRST AMENDED MASTER COMPLAINT(STATION NIGHTCLUB FIRE LITIGATION) AND ADDITIONAL CLAIMS**

The Plaintiff in the above captioned matter has adopted the First Amended Master Complaint in *Albert L. Gray, Administrator, et al v. Jeffrey Derderian, et al*, C.A. No. 04-312L, in its entirety with additional allegations and claims, as stated in their "Pro Forma Complaint and Notice Of Adoption Of First Amended Master Complaint (Station Nightclub Fire Litigation)" and the Third Amended Master Complaint (Station Nightclub Fire Litigation) . Defendant Sentinel Products Corporation (hereinafter "defendant") hereby files its response to the above-captioned plaintiff's "Pro Forma Complaint and Notice Of Adoption Of First Amended Master Complaint (Station Nightclub Fire Litigation)" with additional allegations and claims and the "Third Amended Master Complaint (Station Nightclub Fire Litigation), and defendant states as

follows:

As to the allegations contained in the Third Amended Master Complaint, defendant states:

**ANSWER AS TO PARTIES**

**Plaintiffs**

1. As to the allegations contained in paragraphs 1 through 270 of the Third Amended Master Complaint, defendant is without sufficient information to form a belief as to the truth of said allegations and leaves the plaintiffs' to their proof thereof.

**ANSWER AS TO GENERAL ALLEGATIONS AS TO ALL PARTIES**

2. As to the allegations contained in paragraph 271, defendant denies the same.

**ANSWER AS TO DEFENDANTS**

3. Defendant incorporates its answers to paragraphs 1 through 271 as if set forth in full herein; as to the allegations contained in paragraphs 272 through 949 defendant asserts that these allegations are not directed toward it and thus no response is required; to the extent that a response is required, defendant denies these allegations.

**ANSWER AS TO SENTINEL PRODUCTS CORP.**

**COUNT CXXIV- NEGLIGENCE**

4. Defendant incorporates its answers to paragraphs 1 through 271 as if set forth in full herein; as to the allegations set forth in paragraph 950, defendant admits it is a New York corporation. Defendant denies the remaining allegations in said paragraph.

5. As to the allegations set forth in paragraphs 951, 952 and 953 (a.) through (g.) defendant denies the same.

**COUNT CXXV- STRICT LIABILITY**

6. As to the allegations contained in paragraph 954, defendant repeats and incorporates its responses to paragraphs 950 through 953 (a.) through (g.) as if set forth in full herein.

7. As to the allegations set forth in paragraphs 955 A., B., C. 1 through 4, D. 1 through 4, 956, 957, 958, 959, 960, 961, 962 A., B., C., D., 963 A., 964 A., B., 965 A., B., 966, 967, 968, 969, 970, 971, 972, 973 and 974, defendant denies the same.

**COUNT CXXVI-BREACH OF WARRANTY**

8. As to the allegations contained in paragraph 975, defendant repeats and incorporates its responses to paragraphs 950 through 974 as if set forth in full herein.

9. As to the allegations contained in paragraphs 976 and 977, defendant denies the same.

**ANSWER AS TO REMAINING COUNTS IN THIRD AMENDED MASTER COMPLAINT**

10. Defendant incorporates its answers to paragraphs 1 through 271 as if set forth in

full herein; as to the allegations contained in paragraphs 978 through 1029 defendant asserts that these allegations are not directed toward it and thus no response is required; to the extent that a response is required, defendant denies these allegations.

## ANSWER AS TO PRO FORMA COMPLAINT ADDITIONAL ALLEGATIONS

## PARTIES

### Plaintiffs

11. As to the additional allegations contained in paragraph 1 of C.A. No. 06-047L (Long), defendant is without sufficient information to admit or deny the allegations and therefore leave the plaintiffs to their proof thereof.

### Defendants

12. As to the additional allegations contained in paragraphs 2 through 8 of C.A. No. 06-047L (Long), defendant is without sufficient information to admit or deny the allegations and therefore leave the plaintiffs to their proof thereof.

## ANSWER AS TO ADDITIONAL COUNTS ONE THROUGH TEN OF C.A. No. 06-047L

13. As to the additional allegations contained in paragraphs 9 through 64 of Additional Counts one through ten of C.A. No. 06-047L (Long), defendant asserts that these allegations are not directed toward it and thus no response is required; to the extent that a response is required, defendant denies the same.

WHEREFORE, Defendant Sentinel Products Corp. prays that the plaintiffs' complaint be dismissed with prejudice, that judgment enter in its favor, and that it be awarded its costs.

Defendant Sentinel Products Corp.
By Its Attorneys

John G. Hines, Esquire #0576
Hines-patz@conversent.net

Robert P. Corrigan, Esquire #4233
Rpcorrigan@conversent.net
HINES & PATZ, INC.
One James P. Murphy Highway
West Warwick, RI 02893
(401) 821-6266
(401) 821-6446 (fax)

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant asserts that the plaintiffs have failed to state a claim upon which relief can be granted pursuant to F.R.C.P. 12 (b) (6).

**SECOND AFFIRMATIVE DEFENSE**

Defendant, Sentinel Products Corp. asserts lack of personal jurisdiction as a bar to this action

pursuant to F.R.C.P. 12 (b) (2).

**THIRD AFFIRMATIVE DEFENSE**

Defendant asserts that the plaintiffs were comparatively negligent.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant asserts that the plaintiffs claims are barred by operation of the doctrine of assumption of the risk.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts that any alleged injuries suffered by the plaintiffs were caused by the actions or inactions of other persons over whom this defendant had no control.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts that any alleged injuries of the plaintiffs were caused by the intervening and/or superceding negligence of other persons for whom this defendant is not legally responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that to the extent that the plaintiffs seek to impose punitive damages, such claim is barred absent proof of wilful, wanton, malicious conduct, amounting to criminality withy the intent to cause harm committed by this defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts that to the extent plaintiffs seek to impose punitive dames, such a claim would be barred as unconstitutional under the United States Constitution and the applicable provisions of the Rhode Island State Constitution and unlawful under the States' statutes to the extent that, said claims violate the due process protections of the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and the applicable provisions of the Rhode Island State Constitution.

**NINTH AFFIRMATIVE DEFENSE**

Defendant asserts that any product allegedly manufactured and/or supplied by this defendant was used in a manner which was unforeseen, used in a manner which was not intended, was altered, and/or modified and, therefore the plaintiffs action is barred buy operation of R.I.G.L. 9-1-32.

**TENTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of spoliation of evidence as a bar or limit to the plaintiffs' action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that the plaintiffs' action is barred by operation of R.I.G.L. 9-1-29.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant asserts the "sophisticated user", "sophisticated buyer" and "learned intermediary"

doctrines and/or the principles of the Restatement (second) of Torts and therefore the action is barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the "bulk supplier" doctrine of Section 5 Restatement (Third) of Torts as a bar and/or limit to the plaintiffs' action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that plaintiffs' claims for breach of warranty are barred in that any warranty rights are limited by an express limited warranty.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that plaintiffs' have failed to give timely notice of the alleged breach of warranties as required by R.I.G.L. 6A-2-607, thus barring said action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that the plaintiffs' claim for breach of express and/or implied warranties are barred for the reason that no sale of goods occurred under the meaning of the Uniform Commercial Code.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts ineffective service of process as a defense in that the Summons and complaint

were forwarded by certified mail to an improper address.

Defendant Sentinel Products Corp.
By Its Attorneys

John G. Hines, Esquire #0576
Hines-patz@conversent.net

Robert P. Corrigan, Esquire #4233
Rpcorrigan@conversent
HINES & PATZ, INC.
One James P. Murphy Highway
West Warwick, RI 02893
(401) 821-6266
(401) 821-6446 (fax)

**JURY DEMAND**

Sentinel Products Corp. Requests a trial by jury on all issues.

Defendant Sentinel Products Corp.
By Its Attorneys

John G. Hines, Esquire #0576
Hines-patz@conversent.net

Robert P. Corrigan, Esquire #4233
Rpcorrigan@conversent.net
HINES & PATZ, INC.
One James P. Murphy Highway
West Warwick, RI 02893

(401) 821-6266
(401) 821-6446 (fax)

CERTIFICATION

I hereby certify that I forwarded a copy of the within document by electronic mail to the following counsel of record on the 12 day of June, 2006.

John W. Mahoney, Esquire
johnmahoney@amlawllp.com

Joseph V. Cavanagh, Jr., Esquire
Kristen E. Rodgers, Esquire
Stationfire@blishcavlaw.com

Stephen E. Breggia, Esquire
sbreggia@bbglaw.us

Brian R. Cunha, Esquire
Karen A. Alegria, Esquire
Brian@Briancunha.com

C. Russell Bengtson, Esquire
Rbengtson@ckmlaw.com

Marc DeSisto, Esquire
Kathleen D. Daniels, Esquire
Stationfire@Desistolaw.com

Patrick T. Jones, Esquire
Peter Schneider, Esquire
Pjones@cmjlaw.com

Stephen M. Prignano, Esquire

James R. Lee, Esquire
jlee@riag.ri.gov

Ronald J. Resmini, Esquire
Ronald J. Creamer, Esquire
Resminilaw@yahoo.com

Joseph B. Burns, Esquire
jburns@rms-law.com

Steven A. Minicucci, Esquire
William A. Filippo, Esquire
sminicucci@calvinolaw.com

Christopher C. Fallon, Jr., Esquire
Cfallon@Cozen.com

Michael Potenza, Esquire
Bruce P. Keller, Esquire
Jessica L. Margolis, Esquire
mpotenza@debevoise.com
bkeller@debevoise.com

Stefanie DiMaio Larivee, Esquire
James Howe, Esquire
fonia@msn.com

Michael St. Pierre, Esquire

Sprignano@eapdlaw.com

Stephen J. MacGillivray, Esquire
smacgillivray@eapdlaw.com

Michael R. DeLuca, Esquire
MRD@gsm-law.com

Mark C. Hadden, Esquire
Mhadden@mhaddenlaw.com

Mark T. Nugent, Esquire
Paul Sullivan, Esquire
mnugent@morrisonmahoney.com

John J. Nazzaro, Esquire
attynazzaro@aol.com

James H. Reilly, III, Esquire
jreilly@kkrs.com
Donald J. Maroney, Esquire
dmaroney@kkrs.com

Matthew F. Medeiros, Esquire
mfm@lmkbw.com

Mark S. Mandell, Esquire
Yvette M. Boisclair, Esquire
msb@msb-atty.com

George E. Wolf, III, Esquire
Gwolf@shb.com

Andrew J. Trevelise, Esquire
atrevelise@reedsmith.com

Edward M. Crane, Esquire
Deborah G. Solmor, Esquire
ecrane@skadden.com
dsolmor@akadden.co

mikesp@rrslaw.com

Eva Marie Mancuso, Esquire
emancuso@hwac.com

Thomas C. Angelone, Esquire
angelonelaw@aol.com

Mark D. Cahill, Esquire
Eric Bradford Hermanson, Esquire
mcahill@choate.com
ehermanson@choate.com

Daniel J. Horgan, Esquire
horganlaw@snet.com

Mark D. Tourgee, Esquire

Timothy A. Williamson, Esquire
aminchillo@itwlaw.com

Charles N. Redihan, Esquire
Credihan@kprlaw.com

Mark P. Dolan, Esquire
Anthony R. Leone, Esquire
ricedolan@ricedolan.com

W. Thomas McGough, Jr., Esquire
James J. Restivo, Jr., Esquire
tmcgough@reedsmith.com
jrestivo@reedsmith.com

Richard W. MacAdams, Esquire
Rmacadams@mandwlaw.com

Earl H. Walker, Esquire
Charles L. Babcock, Esquire
Nancy W. Hamilton, Esquire
cbabcock@jw.com

ewalker@jw.com
nhamilton@jw.com

Ronald P. Langlois, Esquire
Lauren D. Wilkins, Esquire
rlanglois@smithbrink.com
lwilkins@smithbrink.com

Anthony F. DeMarco, Esquire
Mark T. Reynolds, Esquire
tdemarco@conversent.net
mtreynolds@conversent.net

Howard A. Merten, Esquire
Hmerten.station@psh.com

Thomas W. Lyons, III, Esquire
tlyons@straussfactor.com

Stephe\n P. Fogerty, Esquire
Fogerty@Halloran-Sage.com

Robert I. Reardon, Jr., Esquire
Reardonlaw@aol.com

Scott J. Tucker, Esquire
Stucker@ths-law.com

Ann Songer, Esquire
asonger@shb.com

Steve M. Richard, Esquire
StationfireLitigation@nixonpeabody.com

Howard J. Julian
sohohomes@yahoo.com

Max H. Wistow, Esquire
mw@wistbar.com
Jessica Deanseris
jdean@wistbar.com

John R. Crockett, II, Esquire
Carl H. Henlein, Esquire
Susan S. Wettle, Esquire
swettle@fbtlaw.com
jcrockett@fbtlaw.com
chenlein@fbtlaw.com

Thomas R. Bender, Esquire
James T. Murphy, Esquire
Kelly N. Michels, Esquire
Stationfire@hansoncurran.com

Edward T. Hinchey, Esquire
Ehinchey@sloanewalsh.com
Robert T. Norton, Esquire
rnorton@sloanewalsh.com

Ralph J. Monaco, Esquire
Rmonaco.c-l@snet.net

Esquire Litigation Solutions
Stationfire@esquirecom.com

T. Dos Urbanski, Esquire
stationlitigation@melicklaw.com

James A. Bigos, Esquire
Jim@B-PLaw.com

Lawrence J. Cappuccio, Esquire
L.Cappuccio@Worldnet.att.net

Allen J. McCarthy, Esquire
Michael J. Mazurczak, Esquire
stationlitigation@melicklaw.com

Russell Bramley, Esquire
Bramley@hbhlaw.net

David A. Wollin, Esquire
William F. Burke, Esquire
stationfire@apslaw.com
wburke@apslaw.com

Stephen Armato, Esquire
Christopher A.D. Hunt, Esquire
Lawrence Cetrulo, Esquire
stationlitigation@cetcap.com

William E. O'Gara, Esquire
wogara@pld-law.com

David E. Maglio, Esquire
dmaglio@magliolaw.com

Edwin F. McPherson, Esquire
emcpherson@m-klaw.com

Bruce Gregory Tucker, Esquire
btucker@legalmgt.com

Joseph H. Aronson, Esquire
jaronson@mccormackfirm.com

John J. Cloherty, III, Esquire
jcloherty@piercedavis.com

David T. Mitrou, Esquire
Dmitrou@mccormackfirm.com

Benjamin V. White, III, Esquire
bwhite@vetterandwhite.com

Daniel P. McKiernan, Esquire
danielpmckiernan@yahoo.com

Ian Ridlon, Esquire
iridlon@burnslev.com

Mark R. Ter Molen, Esquire
mtermolen@mayerbrownrowe.com

Dennis J. Roberts, II, Esquire
Droberts@djrlaw.com

Randall L. Souza, Esquire
Fred A. Kelly, Jr., Esquire
stationfirelitigation@nixonpeabody.com

Mark Parsky, Esquire
Mep@mcveyparsky-law.com

Henry M. Swan, Esquire
hms@dksblaw.com

B. Jon Enciso, Esquire
jenciso@legalmgt.com

John J. Flanagan, Esquire
Jflanagan@torti.com

S. Michael Levin, Esquire
mlevin@wszlaw.com

Bennett Gallo, Esquire
brg@ndgrb.com

Michael J. McCormack, Esquire
Mmccormack@mccormackfirm.com

Curtis R. Diedrich, Esquire
cdiedrich@sloanewalsh.com

Georgia Sullivan, Esquire
georgia.sullivan@thehartford.com

James A. Ruggieri, Esquire
jruggieri@hcc-law.com

John H. Brooke, Esquire
jbrooke@brookemawhorr.com

Joseph B. Burns, Esquire
jburns@rms-law.com

Kate B. Harden, Esquire
J. Renn Olenn, Esquire
kbh@olenn-penza.com

Kathleen C. Henry, Esquire
khenry@choate.com

Mark D. Cahill, Esquire
mcahill@choate.com

Patrick T. Jones, Esquire
pjones@smjlaw.com

Peter Resnik, Esquire
presnick@mwe.com

Steven W. Kasten, Esquire
skasten@mwe.com

Timothy B. Hardwicke, Esquire
timothy.hardwicke@lm.com

Joseph J. Bellew, Esquire
jbellew@cozen.com

Joseph Krowski, Esquire
josephkrowski.law@verizon.net

Kevin F. Bowen, Esquire
kbowen@bbglaw.us

Kim M. Clarke, Esquire
kclarke@nixonpeabody.com

Meghan H. Sullivan, Esquire
meghan.sullivan@lw.com

Paul Sullivan, Esquire
pvsullivan@morrisonmahoney.com

Peter Schneider, Esquire
pschneider@cmjlaw.com

Suzanne O'Donoghue, Esquire
sodonoghue@hcc-law.com

Tracy L. Poppe, Esquire
reardonlaw@aol.com