**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM LONG, Plaintiff, | ) | |
| v. | ) | C.A. No. 06-047-L |
| AMERICAN FOAM CORPORATION, et al. Defendants. | ) | |

**DEFENDANTS'[1] ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S NOTICE OF ADOPTION OF THIRD AMENDED MASTER COMPLAINT**
**(STATION NIGHTCLUB FIRE LITIGATION)**

NOW COME defendants Knight-Celotex Lisbon Falls LLC, Knight Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC (collectively, "Knight") and for their answer and affirmative defenses to Plaintiff's Notice of Adoption of Third Amended Master Complaint (Station Nightclub Fire Litigation) (the "Notice of Adoption of Third Amended Master Complaint") as follows:

In this Notice of Adoption of Third Amended Master Complaint, Plaintiff has adopted the Third Amended Master Complaint filed in Albert L. Gray, Administrator, et al. v. Jeffrey Derderian, et al., C.A. No. 04-312-L (the "Gray Case") in its entirety, along with the allegations in the Second Amended Master Complaint dated January 27, 2006. Plaintiff also reasserts the additional allegations and claims set forth in Plaintiff's Pro Forma Complaint and Notice of Adoption of the First Amended Master Complaint dated January 31, 2006 (the

---

1 Defendants are Knight-Celotex Lisbon Falls, LLC; Knight-Celotex, LLC; Knight Industries Inc.; Knight Industries, LLC; and Knight Industries I, LLC.

"Plaintiff's Notice of Adoption of First Amended Master Complaint"). In response to Plaintiff's Notice of Adoption of Third Amended Master Complaint, Knight adopts and incorporates herein Knight's Answer and Affirmative Defenses to the Third Amended Master Complaint filed in the Gray Case. See Docket No. 865.

To the extent that the Notice of Adoption of the Third Amended Master Complaint purports to incorporate the Second Amended Master Complaint, no answer by Knight is required. Pursuant to the Consent Order Pertaining to Additional Amendments to Master Complaint dated February 6, 2006, the Third Amended Master Complaint constitutes "a single unified document containing all parties and claims," and other plaintiffs' adoption of the Third Amended Master Complaint has "the same force and effect as if leave to amend had been granted them and an actual amended complaint filed by them." See Docket No. 690. Additionally, the allegations contained in the Second Amended Master Complaint are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in the Second Amended Master Complaint insofar as any allegation in the Second Amended Master Complaint might be construed to pertain to Knight.

Further, in response to the additional allegations contained in Plaintiff's Notice of Adoption of First Amended Master Complaint, Knight states as follows:

## PARTIES

### Plaintiff

1. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 1.

**Defendants**

2. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 2.

3. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 3.

4. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 4.

5. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 5.

6. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 6.

7. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Notice of Adoption of First

Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 7.

8. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 8.

**ADDITIONAL COUNT ONE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE**

9. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 9. Knight reasserts and incorporates by reference its responses to paragraphs 1 through 8 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

10. The allegations contained in paragraph 10 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including subparts, appear to be directed against Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers, a/k/a/ Great White, and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 10 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including subparts, insofar as any allegation in paragraph 10 might be construed to pertain to Knight.

11. The allegations contained in paragraph 11 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Jack

Russell, Mark Kendall, David Filice, and Eric Powers, a/k/a/ Great White, and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 11 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 11 might be construed to pertain to Knight.

**ADDITIONAL COUNT TWO SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, a/k/a GREAT WHITE – VIOLATION OF RHODE ISLAND GENERAL LAWS TITLE 9, CHAPTER 1, SECTION 2**

12. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 12. Knight reasserts and incorporates by reference its responses to paragraphs 1 through 11 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

13. The allegations contained in paragraph 13 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Jack Russell, Mark Kendall, David Filice, and Eric Powers, a/k/a/ Great White, and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 13 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 13 might be construed to pertain to Knight.

**ADDITIONAL COUNT THREE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH – NEGLIGENCE**

14. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation

contained in paragraph 14. Knight reasserts and incorporates by reference its responses to paragraphs 1 through 8 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

15. The allegations contained in paragraph 15 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including subparts, appear to be directed against Defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 15 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including subparts, insofar as any allegation in paragraph 15 might be construed to pertain to Knight.

16. The allegations contained in paragraph 16 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 16 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 16 might be construed to pertain to Knight.

**ADDITIONAL COUNT FOUR SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO LUNA TECH, INC. AND LUNA TECH PYROTECHNIC, GMBH – STRICT LIABILITY**

17. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 17. Knight reasserts and incorporates by reference its responses to paragraphs 1 through 8 and paragraphs 14 through 16 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

18. The allegations contained in paragraph 18 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 18 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 18 might be construed to pertain to Knight.

19. The allegations contained in paragraph 19 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 19 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 19 might be construed to pertain to Knight.

20. The allegations contained in paragraph 20 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 20 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 20 might be construed to pertain to Knight.

21. The allegations contained in paragraph 21 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including subparts, appear to be directed against Defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained

in paragraph 21 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including subparts, insofar as any allegation in paragraph 21 might be construed to pertain to Knight.

22. The allegations contained in paragraph 22 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Luna Tech, Inc. and Luna Tech Pyrotechnic, GMBH and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 22 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 22 might be construed to pertain to Knight.

**ADDITIONAL COUNT FIVE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO CITADEL COMMUNICATIONS CORPORATION d/b/a Q105 AND WQGN – NEGLIGENCE**

23. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 23. Knight reasserts and incorporates by reference its responses to paragraphs 1 through 8 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

24. The allegations contained in paragraph 24 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 24 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 24 might be construed to pertain to Knight.

25. The allegations contained in paragraph 25 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 25 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 25 might be construed to pertain to Knight.

26. The allegations contained in paragraph 26 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 26 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 26 might be construed to pertain to Knight.

27. The allegations contained in paragraph 27 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 27 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 27 might be construed to pertain to Knight.

28. The allegations contained in paragraph 28 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph

28 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 28 might be construed to pertain to Knight.

29. The allegations contained in paragraph 29 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 29 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 29 might be construed to pertain to Knight.

30. The allegations contained in paragraph 30 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 30 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 30 might be construed to pertain to Knight.

31. The allegations contained in paragraph 31 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 31 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 31 might be construed to pertain to Knight.

32. The allegations contained in paragraph 32 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and

therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 32 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 32 might be construed to pertain to Knight.

33. The allegations contained in paragraph 33 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 33 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, insofar as any allegation in paragraph 33 might be construed to pertain to Knight.

34. The allegations contained in paragraph 34 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Citadel Communications Corporation d/b/a Q105 and WQGN and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 34 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 34 might be construed to pertain to Knight.

**ADDITIONAL COUNT SIX SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE – NEGLIGENCE**

35. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 35. Knight reasserts and incorporates by reference its responses to

paragraphs 1 through 8 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

36. The allegations contained in paragraph 36 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 36 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 36 might be construed to pertain to Knight.

37. The allegations contained in paragraph 37 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 37 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 37 might be construed to pertain to Knight.

38. The allegations contained in paragraph 38 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 38 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 38 might be construed to pertain to Knight.

39. The allegations contained in paragraph 39 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore

no answer by Knight is required. Knight denies the allegations contained in paragraph 39 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 39 might be construed to pertain to Knight.

40. The allegations contained in paragraph 40 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 40 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 40 might be construed to pertain to Knight.

41. The allegations contained in paragraph 41 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 41 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, insofar as any allegation in paragraph 41 might be construed to pertain to Knight.

42. The allegations contained in paragraph 42 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 42 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 42 might be construed to pertain to Knight.

43. The allegations contained in paragraph 43 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 43 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 43 might be construed to pertain to Knight.

44. The allegations contained in paragraph 44 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 44 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 44 might be construed to pertain to Knight.

**ADDITIONAL COUNT SEVEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE TOWN OF WEST WARWICK AND FIRE INSPECTOR DENNIS LAROCQUE – TITLE 9, CHAPTER 1, SECTION 2**

45. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 45. Knight reasserts and incorporates by reference its responses to paragraphs 35 through 44 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

46. The allegations contained in paragraph 46 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The Town of West Warwick and Dennis Larocque and are not directed against Knight, and therefore

no answer by Knight is required. Knight denies the allegations contained in paragraph 46 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 46 might be construed to pertain to Knight.

**ADDITIONAL COUNT EIGHT SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL – NEGLIGENCE**

47. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 47. Knight reasserts and incorporates by reference its responses to paragraphs 1 through 8 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

48. The allegations contained in paragraph 48 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 48 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 48 might be construed to pertain to Knight.

49. The allegations contained in paragraph 49 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 49 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 49 might be construed to pertain to Knight.

50. The allegations contained in paragraph 50 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 50 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 50 might be construed to pertain to Knight.

51. The allegations contained in paragraph 51 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 51 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 51 might be construed to pertain to Knight.

52. The allegations contained in paragraph 52 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 52 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 52 might be construed to pertain to Knight.

53. The allegations contained in paragraph 53 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained

in paragraph 53 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, insofar as any allegation in paragraph 53 might be construed to pertain to Knight.

54. The allegations contained in paragraph 54 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 54 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 54 might be construed to pertain to Knight.

55. The allegations contained in paragraph 55 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 55 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 55 might be construed to pertain to Knight.

56. The allegations contained in paragraph 56 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 56 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 56 might be construed to pertain to Knight.

**ADDITIONAL COUNT NINE SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG AS TO THE STATE OF RHODE ISLAND AND IRVING J. OWENS, FIRE MARSHAL – TITLE 9, CHAPTER 1, SECTION 2**

57. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Notice of Adoption of First Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 57. Knight reasserts and incorporates by reference its responses to paragraphs 47 through 56 of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

58. The allegations contained in paragraph 58 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants The State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 58 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 58 might be construed to pertain to Knight.

**ADDITIONAL COUNT TEN SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG ALLEGING JOINT VENTURE LIABILITY AS TO JEFFREY DERDERIAN, MICHAEL DERDERIAN, DERCO, LLC d/b/a/ THE STATION, MANIC MUSIC MANAGEMENT, INC., JACK RUSSELL, MARK KENDALL, DAVID FILICE, ERIC POWERS, DANIEL BIECHELE, PAUL WOOLNOUGH, KNIGHT RECORDS, INC., ANHEUSER-BUSCH, INC., ANHEUSER-BUSCH COMPANIES, INC., MCLAUGHLIN & MORAN, INC., CLEAR CHANNEL BROADCASTING, INC. d/b/a WHJY-FM, CITADEL COMMUNICATIONS CORPORATION d/b/a/ WQGN-FM, MOTIVA ENTERPRISES, LLC, SHELL OIL COMPANY, TOWN OF WEST WARWICK, DENNIS LAROCQUE, STATE OF RHODE ISLAND AND IRVING J. OWENS**

59. Knight is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's Notice of Adoption of First

Amended Master Complaint, and, on that basis, Knight denies each and every allegation contained in paragraph 59. Knight reasserts and incorporates by reference its responses to all paragraphs of Plaintiff's Notice of Adoption of First Amended Master Complaint, inclusive, as though fully set forth herein.

60. The allegations contained in paragraph 60 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Jeffrey Derderian, Michael Derderian, Derco, LLC d/b/a The Station, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch, Inc., Anheuser-Busch Companies, Inc., Mclaughlin & Moran, Inc., Clear Channel Broadcasting, Inc. d/b/a WHJY-FM, Citadel Communications Corporation d/b/a WQGN-FM, Motiva Enterprises, LLC, Shell Oil Company, Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 60 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 60 might be construed to pertain to Knight.

61. The allegations contained in paragraph 61 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Jeffrey Derderian, Michael Derderian, Derco, LLC d/b/a The Station, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch, Inc., Anheuser-Busch Companies, Inc., Mclaughlin & Moran, Inc., Clear Channel Broadcasting, Inc. d/b/a WHJY-FM, Citadel Communications Corporation d/b/a WQGN-FM, Motiva Enterprises, LLC, Shell Oil Company, Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens and are not directed

against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 61 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 61 might be construed to pertain to Knight.

62. The allegations contained in paragraph 62 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Jeffrey Derderian, Michael Derderian, Derco, LLC d/b/a The Station, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch, Inc., Anheuser-Busch Companies, Inc., Mclaughlin & Moran, Inc., Clear Channel Broadcasting, Inc. d/b/a WHJY-FM, Citadel Communications Corporation d/b/a WQGN-FM, Motiva Enterprises, LLC, Shell Oil Company, Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 62 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 62 might be construed to pertain to Knight.

63. The allegations contained in paragraph 63 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, appear to be directed against Defendants Jeffrey Derderian, Michael Derderian, Derco, LLC d/b/a The Station, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch, Inc., Anheuser-Busch Companies, Inc., Mclaughlin & Moran, Inc., Clear Channel Broadcasting, Inc. d/b/a WHJY-FM, Citadel Communications Corporation d/b/a WQGN-FM, Motiva Enterprises, LLC, Shell Oil Company, Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight

denies the allegations contained in paragraph 63 of Plaintiff's Notice of Adoption of First Amended Master Complaint, including any subparts, insofar as any allegation in paragraph 63 might be construed to pertain to Knight.

64. The allegations contained in paragraph 64 of Plaintiff's Notice of Adoption of First Amended Master Complaint appear to be directed against Defendants Jeffrey Derderian, Michael Derderian, Derco, LLC d/b/a The Station, Manic Music Management, Inc., Jack Russell, Mark Kendall, David Filice, Eric Powers, Daniel Biechele, Paul Woolnough, Knight Records, Inc., Anheuser-Busch, Inc., Anheuser-Busch Companies, Inc., Mclaughlin & Moran, Inc., Clear Channel Broadcasting, Inc. d/b/a WHJY-FM, Citadel Communications Corporation d/b/a WQGN-FM, Motiva Enterprises, LLC, Shell Oil Company, Town of West Warwick, Dennis Larocque, State of Rhode Island and Irving J. Owens and are not directed against Knight, and therefore no answer by Knight is required. Knight denies the allegations contained in paragraph 64 of Plaintiff's Notice of Adoption of First Amended Master Complaint insofar as any allegation in paragraph 64 might be construed to pertain to Knight.

**PRAYERS FOR RELIEF**
**SUBMITTED ON BEHALF OF THE PLAINTIFF WILLIAM LONG**

Knight denies the allegations contained in the unnumbered paragraphs following paragraph 64 of Plaintiff's Notice of Adoption of First Amended Master Complaint and further denies that Knight is liable to Plaintiff or anyone else for any amount.

**WHEREFORE**, Defendants Knight-Celotex Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC pray that:

(a) the Third Amended Master Complaint and Plaintiff's Notice of Adoption of Third Amended Master Complaint be dismissed with prejudice as to Knight-Celotex Lisbon

Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC;

(b) Plaintiff's demand for relief against Knight-Celotex Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC be denied in every respect;

(c) Knight-Celotex Lisbon Falls LLC, Knight-Celotex LLC, Knight Industries, Inc., Knight Industries, LLC and Knight Industries I, LLC be awarded costs in connection with this litigation, including reasonable attorneys' fees; and

(d) the Court grant such other and further relief as maybe just, proper, and equitable.

DEFENDANTS[2]

By their Attorneys,

David E. Maglio (#3459)
David E. Maglio & Associates, P.C.
101 Dyer Street
Providence, RI 02903
Telephone 401 831-5400
Fax 401 831-7979
dmaglio@magliolaw.com
Local Counsel

- and –

---

2 Defendants are Knight Industries, LLC, Knight Industries, I, LLC, Knight-Celotex, LLC, Knight-Celotex Lisbon Falls, LLC and Knight Industries Inc.

Timothy B. Hardwicke
Meghan H. Sullivan
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800
Chicago, IL 60606
Telephone (312) 876-7700
Fax (312) 993-9767
Timothy.Hardwicke@lw.com
Meghan.Sullivan@lw.com
**Application for admission**
***pro hac vice pending***

July 11, 2006

CERTIFICATION

I hereby certify that an exact copy of the within document was electronically mailed to the following individuals on this 11th day of July, 2006.

| | |
|---|---|
| Allen J. McCarthy, Esq. | stationlitigation@melicklaw.com |
| Andrew J. Trevelise, Esq. | atrevelise@reedsmith.com |
| Ann Songer, Esq. | asonger@shb.com |
| Anthony F. DeMarco, Esq. | tdemarco@conversent.net |
| Anthony R. Leone, Esq. | ricedolank@aol.com |
| Bennett R. Gallo, Esq. | brg@ndgrb.com |
| Benjamin V. White III, Esq. | bwhite@vetterandwhite.com |
| Brian Cunha, Esq. | brian@Briancunha.com |
| Bruce P. Keller, Esq. | bkeller@debevoise.com |
| C. Russell Bengtson, Esq. | rbengtson@ckmlaw.com |
| Carl A. Henlein, Esq. | chenlein@fbtlaw.com |
| Charles Babcock, Esq. | cbabcock@jw.com |
| Charles N. Redihan, Jr., Esq. | credihan@kprlaw.com |
| Christopher C. Fallon, Jr., Esq. | cfallon@cozen.com |
| Christopher A.D. Hunt, Esq. | StationLitigation@cetcap.com |
| Curtis R. Diedrich, Esq. | cdiedrich@sloanewalsh.com |
| Daniel Horgan, Esq. | horganlaw@snet.net |
| Daniel P. McKiernan, Esq. | danielpmckiernan@yahoo.com |
| David T. Mitrou, Esq. | dmitrou@mccormackfirm.com |
| David A. Wollin, Esq. | dwollin@apslaw.com |
| Deborah Solmor, Esq | dsolmor@skadden.com |
| Dennis J. Roberts, II, Esq. | droberts@djrlaw.com |
| Donald J. Maroney, Esq. | dmaroney@kkrs.com |
| Earl H. Walker, Esq. | ewalker@jw.com |
| Edward M. Crane, Esq. | ecrane@skadden.com |
| Edward T. Hinchey, Esq. | ehinchey@sloanewalsh.com |
| Edwin F. McPherson, Esq. | emcpherson@m-klaw.com |
| Eric Bradford Hermanson, Esq. | ehermanson@choate.com |
| Eric M. Sommers, Esq. | esommers.station@psh.com |

| | |
|---|---|
| Esquire Litigation Solutions LLC | stationfire@esquirecom.com |
| Eva Marie Mancuso, Esq. | emancuso@hwac.com |
| Fred A. Kelly, Jr., Esq. | stationfirelitigation@nixonpeabody.com |
| George E. Wolf, III, Esq. | gwolf@shb.com |
| Georgia Sullivan, Esq. | georgia.sullivan@thehartford.com |
| Henry M. Swan, Esq. | hms@dksblaw.com |
| Howard A. Merten, Esq. | hmerten.station@psh.com |
| Howard Julian | sohohomes@yahoo.com |
| Ian Ridlon, Esq. | stationfirelitigation@nixonpeabody.com |
| J. Renn Olenn, Esq. (Kate Harden) | kbh@olenn-penza.com |
| James A. Bigos, Esq. | jim@b-plaw.com |
| James A. Ruggieri, Esq. | jruggieri@hcc-law.com |
| James H. Reilly, III, Esq. | jreilly@kkrs.com |
| James J. Restivo, Jr., Esq. | jrestivo@reedsmith.com |
| James R. Lee, Esq. | jlee@riag.ri.gov |
| James T. Murphy, Esq. | stationfire@hansoncurran.com |
| John H. Aronson, Esq. | jaronson@mccormackfirm.com |
| John Barylick, Esq. | jpb@wistbar.com |
| John H. Brooke, Esq. | jbrooke@brookemawhorr.com |
| John J. Flanagan, Esq. | jflanagan@torti.com |
| John J. Nazzaro, Esq. | attynazzaro@aol.com |
| John R. Crockett, III, Esq. | jcrockett@fbtlaw.com |
| John R. Mahoney, Esq. | johnmahoney@amlawllp.com |
| Joseph B. Burns, Esq. | jburns@rms-law.com |
| Joseph J. Bellew, Esq. | jbellew@cozen.com |
| Joseph Krowski, Esq. | josephkrowski.law@verizon.net |
| Joseph V. Cavanagh, Jr., Esq. | stationfire@blishcavlaw.com |
| Karen A. Alegria, Esq. | Karen@Briancunha.com |
| Kate Harden, Esq. for J. Renn Olenn | kbh@olenn-penza.com |
| Kathleen C. Henry, Esq. | khenry@choate.com |
| Kelly N. Michels, Esq. | stationfire@hansoncurran.com |
| Kevin F. Bowen, Esq. | kbowen@bbglaw.us |
| Kim M. Clarke, Esq. | kclarke@nixonpeabody.com |
| Kristin E. Rodgers, Esq. | stationfire@blishcavlaw.com |
| Lauren D. Wilkins, Esq. | lwilkins@smithbrink.com |
| Lawrence J. Cappuccio, Esq. | l.cappuccio@worldnet.att.net |
| Lawrence G. Cetrulo, Esq. | StationLitigation@cetcap.com |
| Marc DeSisto, Esq. | stationfire@desistolaw.com |
| Mark D. Cahill, Esq. | mcahill@choate.com |
| Mark D. Tourgee, Esq. | aminchillo@itwlaw.com |
| Mark Hadden, Esq. | mhadden@mhaddenlaw.com |
| Mark P. Dolan, Esq. | ricedolank@aol.com |
| Mark S. Mandell, Esq. | msb@msb-atty.com |
| Mark Parsky, Esq. | mep@mcveyparsky-law.com |
| Mark T. Nugent, Esq. | mnugent@morrisonmahoney.com |
| Mark T. Reynolds, Esq | mtreynolds@conversent.net |
| Matthew F. Medeiros, Esq. | mfm@lmkbw.com |
| Max Wistow, Esq. | jdean@wistbar.com |

| | |
|---|---|
| Meghan Sullivan, Esq. | Meghan.Sullivan@lw.com |
| Michael A. St. Pierre, Esq. | mikesp@rrsplaw.com |
| Michael J. Mazurczak, Esq. | stationlitigation@melicklaw.com |
| Michael J. McCormack, Esq. | mmccormack@mccormackfirm.com |
| Michael Potenza, Esq. | mpotenza@debevoise.com |
| Nancy W. Hamilton, Esq. | nhamilton@jw.com |
| Patrick T. Jones, Esq. | pjones@cmjlaw.com |
| Paul Sullivan, Esq. | pvsullivan@morrisonmahoney.com |
| Peter Schneider, Esq. | pschneider@cmjlaw.com |
| Peter L. Resnick, Esq. | presnik@mwe.com |
| Ralph J. Monaco, Esq. | rmonaco.c-l@snet.net |
| Richard W. MacAdams, Esq. | rmacadams@mandwlaw.com |
| Robert I. Reardon, Esq. | reardonlaw@aol.com |
| Robert T. Norton, Esq. | rnorton@sloanewalsh.com |
| Ronald J. Creamer, Esq. | resminilaw@yahoo.com |
| Ronald J. Resmini, Esq. | resminilaw@yahoo.com |
| Ronald Langlois, Esq. | rlanglois@smithbrink.com |
| S. Michael Levin, Esq. | mlevin@wszlaw.com |
| Scott J. Tucker, Esq. | stucker@ths-law.com |
| Stefanie DiMaio-Larivee, Esq. | fonia@msn.com |
| Stephen E. Breggia, Esq. | sbreggia@bbglaw.us |
| Stephen J. MacGillivray, Esq. | smacgillivray@edwardsangell.com |
| Stephen M. Prignano, Esq. | sprignano@edwardsangell.com |
| Stephen P. Fogerty, Esq. | fogerty@halloran-sage.com |
| Stephen T. Armato, Esq. | StationLitigation@cetcap.com |
| Steven W. Kasten, Esq. | skasten@mwe.com |
| Steven A. Minicucci, Esq. | sminicucci@calvinolaw.com |
| Steven M. Richard, Esq. | stationfirelitigation@nixonpeabody.com |
| Susan S. Wettle, Esq. | swettle@fbtlaw.com |
| Suzanne O'Donoghue, Esq. | sodonoghue@hcc-law.com |
| T. Dos Urbanski, Esq. | stationlitigation@melicklaw.com |
| Thomas C. Angelone, Esq. | angelonelaw@aol.com |
| Thomas R. Bender, Esq. | stationfire@hansoncurran.com |
| Thomas W. Lyons, Esq. | tlyons@straussfactor.com |
| Timothy Hardwicke, Esq. | Timothy.Hardwicke@lw.com |
| Timothy A. Williamson, Esq. | aminchillo@itwlaw.com |
| Tracy L. Poppe, Esq. | reardonlaw@aol.com |
| W. Thomas McGough, Jr., Esq. | tmcgough@reedsmith.com |
| William A. Filippo, Esq. | wfilippo@calvinolaw.com |
| William M. Heffernan, Esq. | HEFFERNANLAW.@aol.com |
| William E. O'Gara, Esq. | wogara@pld-law.com |

h:\clients\station fire\long pleadings\knight entities\long answer